In the Matter of the Liquidation of NEW YORK TITLE AND MORT-GAGE COMPANY (Series C-2, F-1, B-K).*

Supreme Court, Additional Special Term, New York County, March 14, 1939.

---

* Modfd. and affd. as modfd., 257 App. Div. 19.

*William A. Shea,* for the Superintendent of Insurance of the State of New York, for the motion.

*Barber, Giddings & Grunden,* for the stockholders' committee.

*Raphael H. Weisman,* for the Golden Hill Building Corporation, a stockholder.

*Maurice Finkelstein,* for the State Mortgage Commission.

*Wagner, Quillinan & Rifkind,* for trustees of Series F-1.

*Sherman S. Rogers,* for trustees of Series C-2.

*Kramer & Kleinfeld,* for trustees of Series B-K.

FRANKENTHALER, J.   Those objections of the stockholders which contest the power of the Superintendent of Insurance to enter into the proposed compromise are overruled.   Section 421 of the Insurance Law authorizes the Superintendent, as liquidator of an insurer, " subject to the approval of the court," to " sell or compound all doubtful  *  *  *  debts or claims owed by  *  *  * such insurer."   The claims which are the subject-matter of the settlement agreements involved in the present proceeding are " doubtful " within the meaning of section 421.   The word " doubtful " is to be construed in a broad sense and not in the narrow and limited manner urged by the objectors.   In the liquidation proceedings relating to the National Surety Company an agreement between the Superintendent of Insurance as liquidator of that company and National Bondholders Corporation and its subsidiaries, settling the claims of that corporation and its subsidiaries at amounts aggregating $18,385,000 was approved at Special Term, and the order of approval was unanimously affirmed by the Appellate Division (254 App. Div. 835) and on February 21, 1939, by the Court of Appeals (280 N. Y. 514).   If the objections to the Superintendent's power to enter into the proposed settlement agreements were well founded, each and every claimant would be compelled to litigate his claim against the liquidator despite the willingness of both the claimant and the liquidator to compromise the claim and notwithstanding the court's readiness to approve the settlement as fair and proper.   This cannot be the law.

Other objections to the approval of the agreements of compromise are that the claims on the guaranties belong to the certificate

holders rather than to the trustees, and, further, that the dividends on the claims should be paid to the former and not to the latter for distribution to the certificate holders. Although there are approximately 16,000 holders of certificates in the three group issues affected by the suggested compromises, objections have been filed by only fifteen certificate holders, despite the fact that notice of the present application for the approval of the settlements was given to all the certificate holders. All the non-objecting certificate holders must, therefore, be deemed to consent to and approve of the compromises of the claims and the distribution in the first instance to the trustees of their respective issues. As to the handful of objecting certificate holders, examination of the reasons assigned by them for their objections reveals that they are practically all predicated upon a misunderstanding of the nature and scope of the suggested settlements and of the underlying facts. It is quite possible, and indeed likely, that some or all of the objecting certificate holders during the progress of the proceedings before the referee to be appointed for the purpose of taking proof of factual issues will withdraw their objections after obtaining a better understanding of the situation. Those certificate holders, if any, whose objections are not withdrawn will be excluded from the scope of the compromises and permitted to litigate their claims, and the settlement agreements may be modified and adjusted accordingly.

The only other objections interposed on behalf of stockholders which merit consideration relate to factual issues. These will be referred to Hon. John Godfrey Saxe, the referee heretofore appointed to hear claims asserted against New York Title and Mortgage Company. The final disposition of the present application will be held in abeyance pending the coming in of the referee's report.

The order of reference should enumerate specifically all the objections and other papers served or filed by any party to the proceeding. It should also contain a determination overruling those objections which go to the power of the Superintendent to enter into the compromise subject to the approval of the court.

Settle order.